Cohen, Leder, Montalbano & Connaughton, LLC
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
(908) 298-8800
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMPOSITION ROOFERS LOCAL 4 WELFARE TRUST FUND, also known as COMPOSITION ROOFERS LOCAL 4 WELFARE FUND, and UNITED ROOFERS WATERPROOFERS AND ALLIED WORKERS LOCAL UNION NO. 4 COMPOSITION ROOFERS LOCAL 4 HEALTH AND WELFARE FUND, by its Trustees<br><br>Plaintiff,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, a New Jersey Health and Service Corporation, and its successor Horizon Healthcare Services, Inc.<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, Composition Roofers Local 4 Welfare Trust Fund, also known as Composition Roofers Local 4 Welfare Fund, and by United Roofers, Waterproofers and Allied Workers Local Union No. 4 Composition Roofers Local 4 Health and Welfare Fund, by its Trustees, by way of Complaint against Horizon Blue Cross Blue Shield of New Jersey, a New Jersey Health and Service Corporation, and its successor Horizon Healthcare Services, Inc. does hereby state:

1. Plaintiff, Composition Roofers Local 4 Welfare Trust Fund, also known as Composition Roofers Local 4 Welfare Fund, and by United Roofers of Waterproofers and Allied Workers Local Union No. 4 Welfare Fund, by its Trustees, (hereinafter "Local 4 Welfare Fund"), maintains offices at 385 Parsippany Road, Parsippany, New Jersey 07054.

2. Defendant, Horizon Blue Cross Blue Shield of New Jersey, a New Jersey Health and Service Corporation, and its successor Horizon Healthcare Services, Inc. (hereinafter together "Horizon") maintains offices at 310 Plaza East, Newark, New Jersey 07105-2200.

**JURISDICTION**

3. Jurisdiction of this civil action is asserting claims under ERISA §502(a)(3) as Plaintiffs are fiduciaries of the Plan and are seeking equitable relief and the requested relief is provided under ERISA §502(a)(2) and is found in 29 U.S.C.A. §1132(e)(1), as Horizon is a fiduciary to the Plan and it is alleged that it violated its fiduciary duties. Supplemental jurisdiction for breach of contract and damages arising from the fiduciary breach exists pursuant to 28 U.S.C.A. §1367.

4. Venue is properly laid in this district and this vicinage because all parties do business in this district and vicinage.

**PARTIES**

5. Local 4 Welfare Fund, pursuant to its Second Restated Agreement and Declaration of Trust, is a multi-employer employee benefit fund and provides health and welfare benefits to its participants.

6. The Local 4 Welfare Fund is a self-insured, self-funded employee benefit plan administered pursuant to the Employee Retirement Income Securities Act, 29 U.S.C. §1001 et. seq.
7. Horizon Healthcare Services, Inc. is a New Jersey Corporation and is a successor of Horizon Blue Cross Blue Shield of New Jersey, a New Jersey Health and Service Corporation.
8. Horizon is a Corporation of the State of New Jersey and is in the business of hospital and healthcare benefit services.
9. Local 4 Welfare Fund is administered by a Board of Trustees with each member of the Board being a fiduciary, as defined by ERISA §29 U.S.C. §1002(14)(A) and §1002.

**FACTUAL ALLEGATIONS**

10. Pursuant to the Trust Indenture, the Board of Trustees of Local 4 Welfare Fund adopted as of January 1, 2007, a Plan of health and welfare benefits in order to provide medical related benefits to its Plan Participants.
11. On January 1, 2007, the Trustees of the Local 4 Welfare Fund entered into a Service Agreement (hereinafter "SA') with Horizon.
12. On August 18, 2008, the Local 4 Welfare Fund entered into an Administrative Service Agreement with (hereinafter "ASA") Horizon.
13. Local 4 Welfare Fund and Horizon further amended their contractual obligation by Amendment of June 1, 2025, and Amendment of August 25, 2025.
14. Local 4 Welfare Fund and Horizon Blue Cross, since entering into the SA and ASA, with the original commencement dates of January 1, 2007, and August 18, 2008,

respectively, have continued to maintain a relationship pursuant to the terms, conditions, and obligations as set forth in the SA, ASA, and Amendments.

15. Pursuant to Article 5 of the SA, Horizon "hereby covenants and agrees for the benefit of the Fund that, during the term, Horizon shall use reasonable efforts to cause its employees, contractors and agents to cooperate with the Fund in connection with the Fund's provisions and the Fund services hereunder."

16. Pursuant to paragraph 11.1(b) of the SA, Horizon is obligated to indemnify and hold harmless the Local 4 Welfare Fund, its Trustees, employees and agents arising out of or related to any breach, failure or violation by Horizon of any respective representations, warranties, covenants and undertakings, and is obligated to pay all damages arising out of or related to any negligent act or omission or from the willful misconduct of Horizon, any of its officers, agents, employees in any manner related to the subject matter of the Agreement.

17. Paragraph 12.13 of the SA provides that Local 4 Welfare Fund and Horizon have agreed that the laws of the State of New Jersey applicable to contracts shall apply and that the U.S. District Court for the District of New Jersey shall have jurisdiction over the parties with respect to any and all disputes or controversies arising under or connection with the Agreement, with each party agreeing to submit to the jurisdiction of the U.S. District Court for the District of New Jersey.

18. In Section 4 of the ASA, Horizon contractually agreed to use "care, skill, prudence and diligence under the circumstances and prevailing that a prudent person acting in like capacity and familiar with such matters would use the conduct of an enterprise of like character and like aims." (Paragraph 4.02).

19. By Section 7 of the ASA, Horizon Blue negotiated and was able to obtain agreement from the Local 4 Welfare Fund, a single limiting provision whereby the parties recognized that Horizon would not be deemed to be a fiduciary for the limited purpose of discounts or caps, but nowhere else within the SA or ASA does Horizon obtain any contractual provision to deny or avoid any of its other fiduciary obligations.

20. In Section 9 of the ASA, Local 4 Welfare Fund established and funds an account referred to as a Working Capital Account which is held and maintained by Horizon, and subject to Horizon's decisions determining whether payments are to be made and the amount to be paid to physicians and other service providers on behalf of the Local 4 Welfare Fund.

21. The monies held in the Working Account constitute Plan Assets until such time as the money is drawn upon and payment of benefit claims are made.

22. Horizon possessed sole access to the Working Capital Account and has a fiduciary duty in determining the propriety for payment, and the amount to be paid, for the claims incurred by the participants of the Local 4 Welfare Fund.

23. Pursuant to Section 11 of the ASA, Horizon is obligated to provide Local 4 Welfare Fund with paper copy, on a monthly basis, identifying all claims that were paid, specifying month and year of the claim, claims identification number, identification of the medical provider, patient number, date of service, and amount paid. Further, upon request of Local 4 Welfare Fund for electronic copies of claims information, such reports were to be made by Horizon.

24. Paragraph 11.03 of the ASA provides that all documents related to the payment of claims is contractually recognized as the property of Local 4 Welfare Fund, subject to Horizon's right of possession and use during the continuation of the Agreement.

25. Section 12 of the ASA provides the right of the Local 4 Welfare Fund to audit all claim payment records to assure that the Horizon's administration of covered health and health care benefits has been performed in accordance with the terms of the Agreement. Section 12 also provides that audit procedures are not to be interpreted to limit the materials that may be examined and provides access to all claims and data which is requested prior to the effective termination of the SA and ASA.

26. Section 13, "Further Indemnification", at paragraph 13.02, provides that Horizon agrees to indemnify and hold harmless the Local 4 Welfare Fund for any loss, costs, liabilities and expenses (including, but not limited to attorney's fees and court costs) resulting from or in connection with any function Horizon has undertaken or which is required by them pursuant to the Agreement where it has been determined that liability and loss is the result of Horizon's negligence, imprudence, willful misconduct, malfeasance, fraudulent act, breach of the Agreement, or applicable law.

27. The services and obligations as established and provided for in the SA and ASA, while originally commencing as of January 1, 2007, with expiration on December 31, 2008, (sic) has repeatedly renewed on an annual basis, subject to modification of financial terms, and continues to bind the parties.

28. The No Surprises Act ("NSA") was enacted by the U.S. Congress as part of the Consolidated Appropriations Act of 2021 and became effective on January 1, 2022.

29. A component of the NSA is the Independent Dispute Resolution ("IDR") process which provides certain medical providers with a framework to explore settlement of disputed claims and if a settlement is not reached, to have a third party "arbitrator" issue a Baseball type decision selecting one of the two submitted final offers in order to resolve the dispute.

30. With an effective start date of June 1, 2025, Local 4 Welfare Fund entered into the NSA Amendment to the SA and ASA, which included the Negotiation and Arbitration Services Addendum, (herein "NASA"), providing for Horizon's acceptance of the fiduciary responsibilities to perform all steps of the NSA's IDR negotiations and IDR arbitration process.

31. Within the Amendment, Horizon contractually pledged that it had the resources to administer the NSA IDR negotiation and IDR arbitration services with Horizon agreeing to: (a) accept receipt of the NSA billing, (b) to represent the Local 4 Welfare Fund in negotiations with the Service Provider, (c) to evaluate the Service Provider's claim and determine a fair payment for the Service Provider's services, (d) to determine and agree upon terms of settlement, (e) providing Horizon with authority to enter into settlement with the Service Provider, (f) to utilize its discretion to formulate and present an offer of payment amount to the IDR arbitrator, and (g) to provide Horizon with discretionary access to Fund Assets in the Working Account for payment of either the settlement amount or amount found to be by the IDR arbitrator to Fund Assets, and other expenses of the IDR process.

32. The NSA Amendment and NASA provided Horizon with thirty (30) business days from the date of the medical provider's negotiation request to perform Open

Negotiations and for Horizon to exercise discretion to formulate and offer monetary settlement payment amounts, with Horizon required to send to the Local 4 Welfare Fund to update an internal tracking system for audit purposes.

33. Upon negotiations being successful, Horizon has ten (10) business days to notify Local 4 Welfare Fund if the negotiations were successful and the amount of payment which was negotiated.

34. If the NSA IDR negotiations were successful, Horizon is required to update the internal tracking system for audit purposes.

35. Should Horizon fail to act timely to respond to the Service Provider's negotiation submission, the Local 4 Welfare Fund's right and opportunity to negotiate a settlement is forfeited.

36. If the NSA and IDR Negotiations were not successful, Horizon has thirty (30) business days from the date of the negotiation request to send a notice of unsuccessful negotiation to the Local 4 Welfare Fund and to update the internal tracking system for audit purposes.

37. If the negotiations were unsuccessful, and the Service Provider may then submit the dispute to IDR arbitration and, thereupon, Horizon is required to utilize its discretion in formulating an amount to be offered, within minimum and maximum parameters, with the parameter percentages subject to change based upon Horizon's determination of analytics on the win/loss ratio.

38. The Local 4 Welfare Fund has not retained any discretionary authority in formulating proposed settlement amounts or arbitration offer amounts.

39. If the Service Provider submits the dispute to the IDR Arbitration process, Horizon is to exercise its discretion in the selection of an arbitration provider.

40. If Horizon fails to timely respond in selection of an arbitration provider, default is entered against the Local 4 Welfare Fund and the Service Provider's selection is granted designation.

41. The next IDR Step is for the Service Provider to submit the dispute to the IDR Arbitration process and submit its "Baseball Arbitration" offer.

42. Horizon is also required to exercise its discretion to determine Local 4 Welfare Fund's "Baseball Arbitration" offer and submit it to the Arbitration Agency.

43. If Horizon fails to submit, or is untimely in its submission, the Local 4 Welfare Fund offers the "Baseball Arbitration", then a default is entered against the Local 4 Welfare Fund and the Service Provider is awarded the full amount of its demand and the Local 4 Welfare Fund becomes obligated to pay all IDR fees and arbitration expenses.

44. Horizon is required to maintain an internal tracking system of Service Provider Claims, Horizon's monetary offers of settlement, settlement amounts, and IDR arbitrations for audit purposes.

45. The Local 4 Welfare Fund has requested Horizon to provide an accounting of Horizon's exercises of discretion and disposition of Welfare Fund assets in its performance of services under the NSA NASA contract for all NSA claims submitted and processed.

46. Horizon, while obligated to maintain internal tracking systems for audit purposes, has refused to provide the Local 4 Welfare Fund access to the tracking system data or any other data recording Horizon's actions, or inactions, and payment of IDR claims and arbitration award fees.

47. The Local 4 Welfare Fund requires any accounting of Horizon's NSA NASA services and history of Horizon's exercise of discretion for payments and payment of Local 4 Welfare Fund Plan Assets in order to perform its administrative duties to the Fund.

## COUNT ONE

## BREACH OF FIDUCIARY DUTIES

48. Plaintiff repeats each and every allegation contained in paragraphs 1 through 47 as if set forth in full herein

49. Horizon, by having entered into the NSA Agreement and NASA Addendum with Local 4 Welfare Fund, which is supplemental to the SA and ASA, accepted the responsibility and exercised discretion to formulate payment of claim proposals in the IDR negotiation process and in the IDR "Baseball Arbitration" process.

50. Horizon has discretionary dominion over the expenditure of Local 4 Welfare Fund Plan Assets and thereby is a fiduciary to the Fund.

51. As a fiduciary to the Local 4 Welfare Fund, upon information and belief, Horizon violated its fiduciary duties by its failure to timely respond to a Service Provider's demand for negotiations.

52. As a fiduciary to the Local 4 Welfare Fund, upon information and belief, Horizon violated its fiduciary duties by its failure to timely respond to the selection of IDR Arbitration agencies and allowing a default to be entered.

53. As a fiduciary to the Welfare 4 Welfare Fund, upon information and belief, Horizon violated its fiduciary duties by its failure to timely respond with submissions of arbitration award proposals, thereby allowing default to be entered against the Local 4 Welfare Fund.

54. As a fiduciary to the Local 4 Welfare Fund, on information and belief, Horizon violated its fiduciary duties by its improper exercise in discretion of its determination of amounts to be offered in the Open Negotiation process.

55. As a fiduciary to the Local 4 Welfare Fund, on information and belief, Horizon violated its fiduciary duties by its improper exercise in discretion of its determination of amounts be offered in the IDR Arbitration process.

56. As a fiduciary to the Local 4 Welfare Fund, on information and belief, Horizon violated its fiduciary duty to provide the Local 4 Welfare Fund with information and data recording Horizon's IDR services to enable the Fund Trustees to monitor and evaluate Horizon's performance of its fiduciary duties.

57. As a fiduciary to the Local 4 Welfare Fund, on information and belief, Horizon violated its fiduciary duty to provide the Local 4 Welfare Fund with a full accounting of its efforts and services, as well as lack of efforts and services, as required for proper handling of the NSA and NASA obligations, resulting in the improper expenditures of Plan Assets.

WHEREFORE, Plaintiff, Composition Roofers Local 4 Welfare Trust Fund, by its Trustees demand judgment and Order be entered against Defendant Horizon Blue Cross and Blue Shields, and its successor, Horizon Healthcare Services, Inc. as follows:

1. Judgment finding Defendants having violated fiduciary duties owed to Plaintiff.
2. Enter an Order compelling Defendants to provide a full accounting of all NSA and NASA claims, notices, responses, defaults, settlements, IDR awards, and IDR related fees.

3. Enter an Order compelling Defendants to reimburse Plaintiff's attorney fees, expenses and costs incurred in this civil action.
4. Such other relief the Court determines to be required in the interest of justice.

## COUNT TWO

## DUTY TO PROVIDE ACCESS TO FUND'S DATA

58. Plaintiff repeats each and every allegation contained in paragraphs 1 through 57 as if set forth in full herein

59. Local 4 Welfare Fund requested Horizon to provide access to all NSA and NASA DATA recording activity and services which Horizon performed in its obligations under the NSA and NASA.

60. Horizon contractually agreed to reasonably cooperate with the Local 4 Welfare Fund and for Horizon to provide services with care, skill, prudence and diligence.

61. Horizon refused to provide the requested information depriving and interfering with Local 4 Welfare Fund's ability and right to monitor and evaluate Horizon's performance of its duties.

62. Horizon has breached its obligation to reasonably cooperate and to provide its services with care, skill, prudence and diligence.

WHEREFORE, Plaintiff, Composition Roofers Local 4 Welfare Trust Fund, by its Trustees demand judgment and Order be entered against Defendant Horizon Blue Cross and Blue Shields, and its successor, Horizon Healthcare Services, Inc. as follows:

1. Judgment finding Defendants having violated fiduciary duties owed to Plaintiff.
2. Enter an Order compelling Defendants to produce true copies of all NSA and NASA documents, filings, notices, offers of settlement, default notices, arbitration

demands, Excel spreadsheets, IDR arbitration awards, and payments made or obligated to be made.

3. Enter an Order compelling Defendants to reimburse Plaintiff's attorney fees, expenses and costs incurred in this civil action.
4. Such other relief the Court determines to be required in the interest of justice.

## COUNT THREE

## THE CLAIMS DATA, INCLUDING THE NSA AND NASA DATA ARE TANGIBLE AND INTANGIBLE PROPERTY TO WHICH THE LOCAL 4 WELFARE FUND HAS A BENEFICIAL PROPERTY INTEREST

63. Plaintiff repeats each and every allegation contained in paragraphs 1 through 62 as if set forth in full herein.
64. Horizon, as a fiduciary and under contracted obligations, produces and possesses NSA and NASA Addendum data herein "DATA" during NSA services for the Local 4 Welfare Fund.
65. The DATA held and in the possession of Horizon is tangible and intangible property.
66. The DATA is the property of the Local 4 Welfare Fund.
67. Local 4 Welfare Fund has requested Horizon to produce access to and the transfer of possessions of the DATA to the Local 4 Welfare Fund and Horizon has refused.
68. Horizon has breached its contractual duty to the Local 4 Welfare Fund by refusing to provide access to and transfer the DATA to the Local 4 Welfare Fund Trustees.

WHEREFORE, Plaintiff, Composition Roofers Local 4 Welfare Trust Fund, by its Trustees demand judgment and Order be entered against Defendant Horizon Blue Cross and Blue Shields, and its successor, Horizon Healthcare Services, Inc. as follows:

1. Judgment finding Defendants having breached its contractual duties owed to Plaintiff.
2. Enter an Order compelling Defendants to produce to Plaintiff true copies of all NSA and NASA documents, filings, notices, offers of settlement, default notices, arbitration demands, Excel spreadsheets, IDR arbitration awards, and payments made or obligated to be made.
3. Order compelling Defendants to reimburse Plaintiff's attorney fees, expenses and costs incurred in this civil action.
4. Such other relief the Court determines to be required in the interest of justice.

**COUNT FOUR**

69. Plaintiff repeats each and every allegation contained in paragraphs 1 through 68 as if set forth in full herein
70. Horizon has violated its obligations to cooperate with the Local 4 Welfare Fund under the NSA, NASA Addendum, SA ASA contracts and thereby result in monetary damages to the Local 4 Welfare Fund.
71. Horizon has violated its obligations to use care, skill, prudence, and diligence in its NSA and NASA services.
72. The Local 4 Welfare Fund has incurred damages as a result of Plaintiff's breach of its obligation.

WHEREFORE, Plaintiff, Composition Roofers Local 4 Welfare Trust Fund, by its Trustees demand judgment and Order be entered against Defendant Horizon Blue Cross and Blue Shields, and its successor, Horizon Healthcare Services, Inc. as follows:

1. Judgment against Defendants for damages incurred by Plaintiff.
2. Enter an Order compelling Defendants to reimburse Plaintiff's attorney fees, expenses and costs incurred in this civil action.
3. Such other relief the Court determines to be required in the interest of justice.

## COUNT FIVE

## HORIZON'S DENIAL OF THE LOCAL 4 WELFARE FUND TO ITS PROPERTY

73. Plaintiff repeats each and every allegation contained in paragraphs 1 through 72 as if set forth in full herein.

74. The contractual agreements between the Local 4 Welfare Fund and Horizon, and by operation of law, provide that the Local 4 Welfare Fund NSA NASA DATA is the property of the Local 4 Welfare Fund and is a Plan Asset.

75. The DATA is in the possession of Horizon.

76. Local 4 Welfare Fund has requested Horizon to provide it with the DATA and Horizon has refused.

77. Horizon's refusal to provide the Local 4 Welfare Fund with its Plan Assets is a breach of Horizon's lawful obligations owed the Local 4 Welfare Fund.

78. Horizon's refusal to provide the Local 4 Welfare Fund is a violation of the contractual agreements and breach of law and has resulted in Local 4 Welfare Fund's damages.

WHEREFORE, Plaintiff, Composition Roofers Local 4 Welfare Trust Fund, by its Trustees demand judgment and Order be entered against Defendant Horizon Blue Cross and Blue Shields, and its successor, Horizon Healthcare Services, Inc. as follows:

1. Judgment against Defendants for damages incurred by Plaintiff.
2. Enter an Order compelling Defendants to reimburse Plaintiff's attorney fees, expenses and costs incurred in this civil action.
3. Such other relief the Court determines to be required in the interest of justice.

COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC
River Center Drive II
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
Email: paul.montalbano@clmc-law.com

Attorneys for Plaintiff

By: ________________________
PAUL A. MONTALBANO, Esq.

Dated: 11/6/2026

**CERTIFICATION PURSUANT TO N.J. Ct. R. 4:5-1(b)(2)**

I hereby certify, pursuant to N.J. Ct. R. 4:5-1, that the matter in controversy herein is the subject of no other pending legal proceeding or arbitration nor is any other legal proceeding contemplated to the best of my information and belief. Further, I know of no other party who should be joined in this lawsuit.

COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC
River Center Drive II
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
Email: paul.montalbano@clmc-law.com

Attorneys for Plaintiff

By: ______________________
PAUL A. MONTALBANO, Esq.

Dated: 11/6/2026